# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILSON EARL LOVE,

    Plaintiff,

    v.

STATE OF NEVADA,

    Defendant.

Case No. 2:17-cv-01317-RFB-CWH

**ORDER**

Presently before the court is pro se Plaintiff Wilson Earl Love's application to proceed *in forma pauperis* (ECF No. 1), filed on September 30, 2016. Also before the Court is Plaintiff's motion for service of summons (ECF No. 3), also filed on September 30, 2016.

Under 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, effective June 1, 2016, a $50.00 administrative fee applies for filing a civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.

Here, Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. Specifically, Plaintiff indicates that his gross income from social security and retirement is approximately $790 per month, with monthly expenses of $91 per month for storage, and debts of $60. Based on Plaintiff's affidavit, it does not appear that he pays any regular monthly expenses for housing, transportation, utilities, loan payments, or other usual living expenses. Plaintiff's affidavit also indicates that his debts or financial obligations are minimal.

Based on Plaintiff's affidavit, his monthly income exceeds his monthly expenses by approximately $700. Plaintiff therefore has not demonstrated that he is unable to pay the costs of commencing this case under 28 U.S.C. § 1915(a)(1). *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350)); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week). The court therefore will deny Plaintiff's application to proceed *in forma pauperis* without prejudice. Having concluded that Plaintiff may not proceed *in forma pauperis*, the court will not screen the complaint under 28 U.S.C. § 1915(e)(2)(B).

//
//
//
//
//
//
//
//
//
//
//
//

IT IS THEREFORE ORDERED that Plaintiff Wilson Earl Love's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice. If Plaintiff so chooses, he may file a renewed application to proceed *in forma pauperis* addressing the deficiencies noted above.

IT IS FURTHER ORDERED that Plaintiff must either file a renewed application to proceed *in forma pauperis* or pay the $350.00 filing fee, plus the $50.00 administrative fee, within 30 days from the date of this order.

IT IS FURTHER ORDERED that in light of the Court's decision to deny Plaintiff's motion to proceed *in forma pauperis,* Plaintiff's motion for service of summons (ECF No. 3) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with this order will result in a recommendation that this case be dismissed.

DATED: May 15, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge